## WINSTON *v.* THE UNITED STATES.

CRIMINAL LAW; MURDER; VERDICT.

In a murder trial the trial court may properly state to the jury after charging them that it is their right to qualify their verdict by adding thereto " without capital punishment," that they should consider whether there are palliating circumstances tending to mitigate the offense, and, if not, that their verdict should not be so qualified ; *following* Strather *v.* United States, *ante.* p. 132 ; Mr. Justice SHEPARD *dissenting.*

No. 804. Submitted May 17, 1898. Decided June 7, 1898.

HEARING on an appeal by a defendant indicted for and convicted of murder. *Judgment affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Chas. H. Turner* and *Mr. George Kearney,* for the appellant.

*Mr. Henry E. Davis,* United States Attorney for the District of Columbia, and *Mr. D. W. Baker* and *Mr. John E. Laskey,* Assistant Attorneys, for the United States.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The appellant, Charles Winston, was indicted for the wilful murder of his wife, Emma Winston, by shooting into her head and face three pistol balls. He then attempted to take his own life, by shooting himself, but he failed to inflict a mortal wound. The murder was committed on the 13th of December, 1897, in a room on Third street, where the parties lived. The accused pleaded to the indictment, not guilty, and was duly tried by a jury, and convicted of murder as indicted, and was sentenced to be hung.

The facts as set out in the bill of exception are few, and show no circumstances whatever of provocation nor of the slightest mitigation of the crime. The only ruling of the court below to which exception was taken by the appellant, was to that part of the charge to the jury that related to the application and construction of the act of Congress of January 15, 1897, entitled "An act to reduce the cases in which the penalty of death may be inflicted," and the manner of presenting the consideration of the act to the jury.

It appears that it was contended by counsel for the accused, in their argument to the jury, that it was the duty of the jury to qualify their verdict, as authorized by the act of Congress, in every case of conviction for murder, and to declare the conviction to be "without capital punishment," without reference to the circumstances of the case. But this proposition was not acceded to by the judge in his charge. He said to the jury:

"Now, you have been told, and it is the law since the act of Congress passed in January, 1897, that a jury is authorized, when they shall have reached the conclusion that a defendant on trial is guilty of murder, to qualify their verdict by adding thereto the words 'without capital punishment.'

"Counsel has endeavored to impress upon the jury the fact not only that this right exists, but that it is the duty of the jury to so qualify their verdict in every given case; that because they have the opportunity of extending mercy, therefore the duty follows the right; that because it is your privilege or opportunity to qualify the verdict by adding the words without capital punishment, it is your duty so to do; but the law was not so intended, gentlemen of the jury. It was intended to serve some useful purpose. There are many shades of circumstances that make up the crime of murder in different cases. In some instances the circumstances might be such as to bring the crime within the definition of murder, and yet those circumstances might not indicate that degree of wantonness, wilfulness, and heinousness that the circumstances in other cases would indicate. I think that it was intended by Congress that in cases where the crime is clearly murder within the definition of the crime of murder, and yet there are circumstances which tend to mitigate the offense, palliating circumstances that tend to show that the crime is not heinous in its character, the jury may add the words 'without capital punishment,' and the law then makes the penalty imprisonment for life.

"That qualification can not be added unless it be the unanimous conclusion of the twelve men constituting the jury. I think that it should not be added unless it be in cases that commend themselves to the good judgment of the jury, cases that have palliating circumstances which would seem to justify and require it.

"The penalty for the crime of murder has not been abro-

gated by Congress. The law-making power has seen fit to allow that penalty to remain, and it is only in those cases where the circumstances indicate to the jury the propriety and the necessity, perhaps, or the duty of making such qualification that the jury should add the qualifying words 'without capital punishment.' In all other cases the law speaks. The jury need not qualify the penalty. It is not their duty to qualify it. It is their right and privilege in a proper case to qualify it. But you are not responsible for the law, nor am I. Neither are you responsible for the facts that you are brought here to try in this case. If the defendant did not commit this crime, he should be returned by your verdict not guilty. If he did commit the crime, then he is responsible for these conditions, not you. Your simple duty is to declare whether he is guilty or not guilty. If guilty, then your verdict should be either guilty as indicted or guilty with the qualification."

It was to these portions of the charge that exception was taken by the appellant; but it is clearly apparent that the question, whether the verdict should be guilty as indicted, or guilty "without capital punishment," was fully and clearly submitted to the consideration of the jury, on the facts of the case. The jury were left entirely free to adopt the one form of verdict or the other, as their judgment might approve.

We have, in the preceding case of *Strather* v. *United States,* *ante*, p. 132, considered fully the question of the application of the act of Congress of January 15, 1897, and the question as to how far the court can instruct the jury, as means of aiding and enlightening them in determining the form of their verdict in reference to the statute. We do not deem it necessary to repeat what we have said in that case. The decision in that case fully covers the question presented in this, as to the application, the construction, and the right and power of the court to instruct the jury, and the circumstances that should be considered by the jury in determining

the question as to the form of their verdict, under the act of Congress of January 15, 1897.

We think the exception taken was without sufficient ground to support it, and, therefore, the judgment appealed from must be affirmed; and it is so ordered.

*Judgment affirmed.*

Mr. Justice SHEPARD dissented, and filed a separate opinion, reported *ante*, p. 153.

The judgment in this case was reversed by the Supreme Court of the United States, to which court the case was taken, January 3, 1899.